HowEi/n, J.
On the rehearing of this cause, the correctness of the ruling of the Judge a quo, in rejecting evidence to prove that defendants acted as agents in the transaction, to the knowledge of plaintiff, is again discussed. The defendants, in their brief, admit that the ambiguity in the written instrument sued on is patent; and “it is a settled rule, that parol evidence is inadmissible to explain an ambiguity apparent on the face of the instrument. ”
The evidence was therefore properly excluded.
The suit is for the delivery of one hundred bales of cotton, or its value at the date of the suit, and is based on the following instrument:
“ We have this day sold to Mr. William Mithoff one hundred bales of Levin & Elliott Marshall’s cotton, at and on a basis of 8% cents for strict Liverpool middling, other qualities in proportion; the cotton to be delivered within six weeks after the blockade is removed, or sooner if called for by the buyer, provided the sellers can then ship. No interest to be allowed; cotton estimated now, and paid for cash, at 425 lbs. per bale; cotton to be weighed when delivered, and final settlement then made; cotton to be delivered here, or on the coast, as the buyer may require. (Signed) Byrne, Vance & Oo.
New Orleans, February 24, 1862.”
The answer is, that defendants acted as agents of L. and E. Marshall, and never had possession of the cotton; of which plaintiff was fully aware.
Judgment was for plaintiff, and defendants appealed,
*364 We are called upon to interpret the above instrument, and determine whether or not defendants acted as agents, or in their own name; that is, whether it contains proof that they acted as agents, to the knowledge of plaintiff.
We do not view it as an agreement or memorandum to sell, as urged by defendants, but the written evidence of a sale made, with a stipulation as to a future delivery; the price at an assumed weight and quality was paid, reserving the right to both parties to adjust any excess or deficiency, when the exact weight and quality were ascertained. The question arises, who were the vendors, Byrne, Yance & Co. or Levin & Elliott Marshall? The former were the actors, and they say, ‘we have this day sold,’ and sign their names without any limitation or explanation. The word ‘ sellers ’ can only refer to the ‘ we ’ who sold, and not to the parties whose names appear in distributing the cotton which was the object of the sale. It is used to refer to themselves, just as the word ‘buyer,’ in the same sentence refers to William Mithoff, to whom the sale was made. And in support of this view, it may be observed that the price was paid to them in a check payable to themselves or order, and by them endorsed. There is no expression in the written instrument, which indicates or intimates that they were acting in a representative capacity, and unless there be something showing such fact, we must presume that plaintiff considered rightly, that he was dealing with the defendants in their individual capacity, and on their individual responsibility. The phrase “of Levin & Elliott Marshall’s cotton,” does not necessarily imply that they were the vendors,” and particularly as the defendants avow that they themselves sold the cotton to plaintiff. He may very well have supposed that it was cotton of a particular crop, or planter’s raising. He would scarcely presume that the defendants were making a void sale; and if they were acting as agents they should have made it appear. Whatever doubt or uncertainty may exist in the instrument, must be construed against them, as it was their own act, and they had it in their power to draw it up free of doubt or ambiguity. C. C. 1952, 1953, 2119; 4 B. 315; 5 B. 75; 10 B. 5; 2 A. 135; 3 A. 192; 4 A. 109.
We conclude that the document sued on is evidence that the defendants sold the cotton, and that they must be held to deliver according to its terms.
No complaint is made as to the amount fixed by the District Judge.
It is therefore ordered that the judgment heretofore rendered, by us be set aside, and that the judgment appealed from be affirmed, with costs.